No. 44,569

NORTHERN NATURAL GAS PRODUCING COMPANY, a Corporation, *Appellant,* v. WAYNE E. McCOY, DIRECTOR OF REVENUE OF THE STATE OF KANSAS, OR HIS SUCCESSOR IN OFFICE, *Appellee.*

(421 P. 2d 190)

Opinion filed December 10, 1966.

*Mark H. Adams, II,* of Wichita, argued the cause, and *Charles E. Jones, Wm. I. Robinson, J. Ashford Manka, Clifford L. Malone, Mark H. Adams, John S. Seeber, Floyd E. Jensen, Philip L. Bowman, Robert Hall,* and *Joe Rolston,* all of Wichita, and *W. Forrest Smith,* of Dallas, Texas, were with him on the briefs for appellant.

*Dean Burkhead,* of Topeka, argued the cause, and *C. A. Arterburn,* of Topeka was with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The Northern Natural Gas Producing Company, hereafter referred to as appellant, has appealed from the judgment of the district court affirming an order of the Board of Tax Appeals (K. S. A. 74-2433, *et seq.*) sustaining an assessment of additional

corporate state income tax liability for the taxable year 1960, in the amount of $79,934.81.

The appellant is a Delaware corporation engaged in the business of exploring for, producing, processing, and selling natural gas, oil and liquid hydrocarbons in seventeen states, including Kansas, and two provinces of Canada. In 1960 the appellant was a wholly owned subsidiary of Northern Natural Gas Company (Northern), a "natural gas company" as defined by the Natural Gas Act (15 U. S. C. A. 717, *et seq.*), which was engaged in the business of purchasing and transporting natural gas over a wide area in interstate commerce for resale to the ultimate consumer. The appellant likewise is a "natural gas company" as defined by the Natural Gas Act, and produces and sells natural gas for distribution and resale in interstate commerce. Pursuant to a contract between appellant and Northern, Northern may claim the preferential right to all gas offered for sale by appellant, and in the tax year 1960, with the exception of certain small isolated sales, all of appellant's sales of natural gas within the state of Kansas were to Northern.

In October, 1961, the appellant filed its Kansas income tax return with the director of revenue. The return was prepared under the direct or separate accounting method of allocation as prescribed by G. S. 1949, 79-3217, and reported state net income before taxes, based upon sales of natural gas at the wellhead in Kansas, in the amount of $4,337,347.95. The return claimed a deduction for federal income tax in the amount of $2,255,420.93, being the amount of federal income tax at the statutory rate of 52 percent (26 U. S. C. A. § 11), which appellant would have been required to pay had its operations been solely within the state of Kansas. The return computed a Kansas income tax liability for 1960 in the amount of $72,867.45 which sum was paid to the state when the return was filed.

Thereafter, and on April 16, 1962, the Kansas Income Tax Division issued a deficiency assessment which gives rise to this appeal, wherein the allowable deduction for federal income tax was reduced from $2,255,420.93 to $109,527.82, and an additional corporate income tax liability was assessed against the appellant in the amount of $79,934.81. The figure of $109,527.82 was obtained by the Kansas Income Tax Division from the consolidated federal income tax return for 1960, wherein appellant had joined with Northern and with other Northern subsidiaries, and was the amount of federal

income tax allocated to appellant by that return. The joint return of Northern and its subsidiaries showed appellant's federal net taxable income of $221,207.35 based on its company-wide operations in seventeen states, including Kansas, and two provinces of Canada, and appellant paid to its parent company Northern, the sum of $109,527.82 as its share of the 1960 federal income tax.

The deficiency assessment was computed by deducting $109,527.82 from net income of $4,337,347.95 attributable to Kansas by appellant's income tax return for 1960, and resulted in a total Kansas income tax liability of $152,802.26. The deficiency assessment represented the difference between $152,802.26 and $72,867.45, the amount paid by the appellant when it filed its return, or the sum of $79,934.81.

Appellant timely contested the validity of the deficiency assessment before the director of revenue and at a subsequent hearing before the Kansas Board of Tax Appeals. It timely appealed from the adverse ruling of the Board of Tax Appeals to the district court of Sedgwick County.

The district court heard evidence and found and concluded that the appellant was required to allocate its income and deductions applicable to Kansas for the tax year 1960, pursuant to G. S. 1949, 79-3217; that its Kansas net income tax before federal tax liability was $4,337,347.95, and it was not clear from the evidence whether appellant made a profit from operations in any other state than Kansas, but that it probably did; that appellant's net income for federal income tax purposes, based upon the consolidated federal income tax return for 1960, was $221,207.35 upon which it paid federal income tax of $109,527.82; that the entire amount of $109,527.82 should be credited to the Kansas operations of appellant, because there was no clear testimony that any of the operations in any other states resulted in a profit; that when the director of revenue allowed the entire amount of federal income tax paid by appellant against the Kansas net income, the requirement of allowing a credit for federal tax liability with respect to operations in Kansas had been complied with; that it was not necessary to credit the appellant for what might have been its federal income tax liability arising out of its operations in Kansas had there not been losses in other states or in the provinces of Canada, and that the director of revenue was more than fair when he permitted the entire federal tax liability to be deducted from Kansas income, and that the Kansas Board of Tax Appeals' order should be sustained.

Following the overruling of its motion for a new trial, the appellant perfected this appeal.

It should here be noted that, based upon substantially the same record, and with respect to the same taxable year, the appellant commenced a tax refund action against the director of revenue in the district court of Shawnee County, contending that it was a unitary company and was thereby entitled and required to apportion its income to Kansas for state income tax purposes under the then existing "factor formula method" (G. S. 1949, 79-3218), rather than under the separate accounting method (79-3217). The director of revenue appealed from the judgment of the district court in favor of the appellant and this court, in a *per curiam* opinion, in *Northern Natural Gas Producing Co. v. McCoy*, 195 Kan. 133, 403 P. 2d 128, reversed the judgment, following *Webb Resources v. McCoy*, 194 Kan. 758, 401 P. 2d 879, Syl. ¶ 2. The purport of this court's opinion in *Northern Natural Gas Producing Co. v. McCoy*, supra, was that under the facts disclosed in the record it could not be said that the business of appellant was of such a unitary character in its multistate operations as to require application of the factor formula method of income allocation (79-3218), and that appellant correctly allocated its income to Kansas by the direct accounting method of allocation as prescribed by 79-3217.

The only difference between the director of revenue's computation in the order assessing additional Kansas income tax and appellant's original state income tax return for 1960, *is the amount of federal income tax deduction*. Hence, the only question to be determined is, what was the amount of appellant's federal income tax deduction applicable to its Kansas income tax return for 1960? We are not concerned with the method of allocation of appellant's taxable income in Kansas since this court in *Northern Natural Gas Producing Co. v. McCoy*, supra, involving the same tax year, required appellant to allocate its income to Kansas by the direct or separate accounting method of allocation as prescribed by 79-3217. That statute reads:

"In the case of nonresident individuals whose gross income is from sources in part within and in part without the state, and corporations the gross income of which is derived from property located and business transacted in part within and in part without this state, direct allocation of such income may be made where practicable on the books of account and records of the taxpayer, *together with the deductions applicable thereto*, where such methods clearly reflect the net income, and returns made on such basis shall be accepted in computing the tax." (Emphasis supplied.)

The appellant contends that when it filed its 1960 state income tax return pursuant to the direct or separate accounting method of allocation, it took a deduction for what was the federal income tax liability *incurred* on its Kansas income of $4,337,916.58; that the federal income tax deduction of $109,527.82 allowed by the director represented its *total* multi-state federal income tax liability including both profit and loss states, and was *not a deduction applicable* to its gross income derived from property located and business transacted in Kansas; that the order of the Board of Tax Appeals confirming the deficiency assessment was wholly inconsistent, since on one hand it required that for the purpose of allocating income to Kansas, appellant be treated as though it were not a multi-state company earning income and suffering losses in other states, and that the state income tax must be paid upon the full amount of the income allocated to Kansas even though such income may have been derived from sales in interstate commerce, and on the other hand, it required that for the purpose of determining federal income tax deduction allowable under Kansas law, appellant's *losses suffered in other states must be considered so as to reduce the amount of the federal income tax deduction.* Concisely stated, the appellant contends that since it is to be treated as if it were a Kansas corporation operating only within the state for the purposes of computing gross income allocable thereto, it must also be treated the same way for the purpose of computing the deduction of a federal income tax incurred on that amount; hence, *since the order imposing the deficiency assessment clearly shows the figure of* $109,527.82 is in part attributable to losses incurred in other states rather than to appellant's gross income in Kansas and is therefore a deduction not applicable to Kansas income as required by 79-3217, the order of the Board of Tax Appeals is void on its face.

G. S. 1949, 79-3217 and 79-3218, providing for two different methods of allocating income attributable to corporate income in Kansas, were before this court in *Crawford Manufacturing Co. v. State Comm. of Revenue and Taxation,* 180 Kan. 352, 304 P. 2d 504, and *Webb Resources v. McCoy,* 194 Kan. 758, 401 P. 2d 879, and, as indicated in those opinions, left much to be desired, which possibly accounted for their repeal by the Legislature in 1963. (L. 1963, Ch. 485, § 24.) Be that as it may, is the appellant entitled to claim a deduction on its 1960 Kansas income tax return for federal income tax in excess of the amount of federal tax actually

paid, accrued, or incurred? We think not. Prior to their repeal, 79-3217 and 79-3218 dealt only with the method of allocating corporate gross income attributable to Kansas before taxes and had no relation to the determination of deductions applicable thereto. Tax deductions authorized by Kansas law, at least with respect to 79-3217 and 79-3218, were determined only by Kansas income statutes then in effect, namely, G. S. 1949, 79-3202 (8) and G. S. 1957 Supp. 79-3206 (a) (3), which read in part, respectively:

"(8) The word 'paid' means 'paid or incurred' or 'paid or accrued' and shall be construed in accordance with the method of accounting used as a basis for computing net income under this act."

"(a) In computing net income there shall be allowed as deductions . . . (3) *taxes paid during the taxable year,* except income taxes paid under the provisions of this act, income taxes paid to another state, estate, inheritance, legacy, succession and gift taxes, and taxes assessed against local benefits of a kind tending to increase the value of the property assessed . . ." (Emphasis supplied.)

As indicated, the appellant's 1960 state income tax return showed a net income before deduction for federal income tax, of $4,337,-347.95, and claimed a federal income tax deduction credit of $2,225,420.93, however, the amount of federal income tax it actually accrued and paid for the year in question was only $109,527.82. The appellant, with Northern and its other subsidiaries, determined the federal income tax upon a consolidated return and paid a total federal tax of $19,361,448.06, of which the appellant's share was $109,527.82. The appellant forwarded that amount to its parent corporation who in turn remitted that sum together with contributions of the other affiliates to the government to discharge the federal tax liability. The sum of $109,527.82 was the only federal income tax paid by the appellant for 1960, and likewise was the only amount accrued for federal income tax purposes for that taxable year.

In computing federal net income tax, the appellant claimed losses incurred in other states in carrying on its corporate business and as a result of those computations, together with its total gross income from all sources, it had a total federal taxable income for 1960 of $221,207.35 as compared to a Kansas taxable income before deductions for federal income tax of $4,337,347.95. As is evident, in determining a federal income tax, the appellant offset losses incurred in other states against income earned in Kansas and its ultimate federal tax liability was greatly less than the amount

claimed on its Kansas return. We are of the opinion the words "paid or incurred" and "paid or accrued" as applied to 79-3217 have reference only to the amount of federal income tax actually paid by the taxpayer during the taxable year, and conclude the director of revenue and the Board of Tax Appeals did not err in allowing the appellant the sum of $109,527.82 as a federal income tax deduction in computing its 1960 Kansas income tax liability.

In the language of the district court, the director was more than fair to the appellant when he permitted its entire federal tax liability of $109,527.82 to be deducted from Kansas gross income and that in so doing, the requirement imposed by 79-3206 (a) (3) of allowing a credit for federal income tax liability with respect to operations in Kansas had been complied with. The judgment is affirmed.